UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CECIL DUDGEON,

                Petitioner,

   v.

BERNARD WARNER,

                Respondent.

No. C12-6039 RJB/KLS

ORDER TO SHOW CAUSE

Petitioner Cecil Dudgeon has filed a 28 U.S.C. § 2241 petition seeking mandamus relief. The Court declines to serve the petition because it is deficient. However, Petitioner shall be given an opportunity to amend his petition or show cause why the petition should not be dismissed.

**BACKGROUND**

Mr. Dudgeon has been civilly committed as a sexually violent predator pursuant to chapter 71.09 RCW since 2007. Division Two of the Washington Court of Appeals affirmed the commitment order on direct appeal. *State v. Dudgeon,* 146 Wn. App. 216, 189 P.3d 240 (2008), *review denied,* 165 Wn.2d 1028 (2009). Mr. Dudgeon filed a petition for writ of mandamus with the Washington State Supreme Court on May 16, 2012, seeking an order compelling Bernard Warner, Secretary of the Department of Corrections (DOC), to correct alleged errors in a 2005 risk classification and a 2012 Less Restrictive Alternative Release Plan (Release Plan). The Washington Supreme Court rejected the petition, noting that Mr. Dudgeon had failed to identify any nondiscretionary duty that Mr. Warner was required to perform in relation to either the pre-

ORDER TO SHOW CAUSE - 1

commitment 2005 risk assessment or the 2012 Release Plan. In addition, the court noted that in May 2012, the state superior court ordered the DOC to prepare the Release Plan in an ongoing proceeding wherein Mr. Dudgeon seeks unconditional release or release to less restrictive alternative. That proceeding was set for trial on December 17, 2012. Therefore, the Washington Supreme Court noted that Mr. Dudgeon would have adequate opportunities in the trial court to challenge the accuracy of the department's report. ECF No. 4-3, pp. 24-25 (*Dudgeon v. Warner*, Case No. 87799-8). The Court has no information on the outcome of the December 17, 2012 trial.

In his 28 U.S.C. § 2241 petition filed herein, Mr. Dudgeon argues that the Release Plan contained false information. He seeks a writ of mandamus to compel Bernard Warner, Secretary of the DOC, to immediately prepare a new plan "using only proven facts" and to compel the DOC to cease and desist in the care, treatment, and supervision of committed sex predators who have been released according to less restrictive plans. ECF No. 4, at 52-55.

## DISCUSSION

**A.     Writ of Mandamus**

The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff." 28 U.S .C. § 1361. Mandamus is an extraordinary remedy. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir.1994). A writ of mandamus is appropriately used only when (1) the petitioner's claim is "clear and certain"; (2) the respondent official's duty to act is ministerial and (3) no other adequate remedy is available. *Id*. (citing *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir.1986)).

ORDER TO SHOW CAUSE - 2

The extraordinary remedy of mandamus is not appropriate to compel the type of relief sought by Mr. Dudgeon. The district court does not have jurisdiction to issue a writ of mandamus to state officers. *Demos v. United States Dist. Court for E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir.1991). See 28 U.S.C. § 1361 (district court has jurisdiction over mandamus action only to compel officers of the United States to perform their duties).

Therefore, to the extent Mr. Dudgeon seeks mandamus relief here, dismissal of his petition prior to service is appropriate. *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d 1337 (9th Cir.1981). To the extent Mr. Dudgeon seeks review of the Washington Supreme Court's decision, the validity of such decision could come within federal jurisdiction through a habeas corpus attack.

**B.     Civil Detainee – Applicability of Section 2254**

Mr. Dudgeon has filed his petition under 28 U.S.C. § 2241. However, involuntary commitment satisfies the custody requirement of 28 U.S.C. § 2254. *Duncan v. Walker,* 553 U.S. 167, 176, 533 U.S. 167, 121 S.Ct. 2120 (2001) (state court order of civil commitment satisfies § 2254's "in custody" requirement). Section 2254 is properly understood as "in effect implementing the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *White v. Lambert,* 370 F.3d 1006, 1006 (9th Cir. 2004).

Mr. Dudgeon is civilly committed pursuant to a state court order. He seeks to challenge an order relating to his continued confinement. If Mr. Dudgeon seeks to challenge the Washington Supreme Court's ruling, he should file a petition for relief under § 2254.

ORDER TO SHOW CAUSE - 3

**B.      Proper Respondent**

In addition, the proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). As Mr. Dudgeon is currently detained at the SCC, the proper respondent to any habeas petition filed is the superintendent of the SCC.

## CONCLUSION

This Court has no jurisdiction to issue a mandamus to compel action by a state official. Accordingly, Mr. Dudgeon is **ORDERED** to show cause why his § 2241 petition should not be dismissed for lack of subject matter jurisdiction. Alternatively, Mr. Dudgeon may file an amended petition for writ of habeas corpus. If he chooses to do so, he must use the Court's form for § 2254 petitions and shall file the amended petition **on or before February 22, 2013.** If Mr. Dudgeon fails to do so, the Court will recommend that the petition (ECF No. 4) be dismissed.

Accordingly, it is **ORDERED**:

(1) Petitioner shall respond to this Order as noted above **on or before February 22, 2013**. If Petitioner fails to do so, the Court will recommend that his petition be dismissed.

(2) The Court Clerk is directed to send a copy of this Order and a form § 2254 Petition to Petitioner.

**DATED** this   11th   day of January, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4